IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 4 2002

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CIV-02-0954 LH/LCS
CR-01-978 LH

DOMINGO RUIZ-JIMENEZ,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside or correct sentence under 18 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #20) filed August 2, 2002. Rule 4(b) Governing Section 2255 Proceedings. In his motion, Defendant claims his sentence was incorrectly calculated under § 2L1.2 of the United States Sentencing Guidelines ("U.S.S.G."). U.S.S.G. § 2L1.2; Historical Note; App. C Supp. 2001, at 222-25. Defendant argues that, because the 2001 Amendment to § 2L1.2 was not considered in calculating his offense level, his sentence is illegal and should be reduced accordingly. The motion will be dismissed.

Defendant's motion faces the preliminary hurdle of the procedural bar for his having failed to appeal the sentence. *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The substance of the motion should be examined, however, if the Court "can best serve the interests of judicial efficiency, conservation of judicial resources, and orderly and prompt administration of justice by . . . ruling on the merits, even though the . . .



procedural bar would also apply." *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994).

Defendant was charged with reentry of an illegal alien previously convicted of an aggravated felony under 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He entered a guilty plea on July 31, 2001. The presentence report ("PSR") was based on the 2000 U.S.S.G. Manual and characterized Defendant's prior felony conviction for involuntary (vehicular) manslaughter as an aggravated felony. The PSR recommended a 16-point increase in Defendant's offense level under § 2L1.2. On November 1, 2001, § 2L1.2 was replaced by Amendment 632, "providing . . . more graduated sentencing enhancement[s]." U.S.S.G. App. C Supp. 2001, at 224; *United States v. Taylor*, 286 F.3d 303, 304 n.3 (6th Cir. 2002) ("§ 2L1.2 was thoroughly overhauled in November 2001"). As applicable here, the 2001 Amendment set a 16-point increase for "a [prior] crime of violence," § 2L1.2(b)(1)(A), and reduced the increase for an aggravated felony to eight points, § 2L1.2(b)(1)(C). On December 19, 2001, this Court imposed a 46-month sentence for Defendant's reentry conviction. Defendant argues that his offense level should have been increased by only eight points for his prior aggravated felony conviction.

Defendant argues correctly that the 2001 Guidelines Manual should have been used in calculating his sentence. "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced," U.S.S.G. § 1B1.11(a), unless an *ex post facto* violation would result, § 1B1.11(b)(1). On the other hand, even assuming for purposes of this opinion that the Court improperly relied on the 2000 Manual, Defendant's sentence was calculated correctly. His involuntary (vehicular) manslaughter conviction was clearly a crime of violence, § 4B1.2(a)(1) Application Note 1 ("'Crime of violence' includes . . . manslaughter"); *United States v. Perkins*, No. 96-7023, 1996 WL 375347, at **1 (10th Cir. July 05, 1996), and therefore the 16-point increase in

2

§ 2L1.2(b)(1)(A) would have applied. Defendant can show no constitutional violation if consideration of an overlooked Guideline provision would "dictate the same result the district court reached in this case." *Taylor*, 286 F.3d at 304 n.3. Defendant is not entitled to relief, Rule 4, and the motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside or correct sentence under 18 U.S.C. § 2255 (CIV Doc. #1; CR Doc. #20) filed August 2, 2002, is DISMISSED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE